(Hamilton County Court of Common Pleas.)

## HUDDLESTON, HUBBARD & CO. v. JOHN HAGERTY, Auditor, etc.

Construction of section 2740, of the Revised Statutes, as to taxation of personal property located in this state and subject to the control of a merchant with power to sell—When action of Board of Equalization is conclusive—Section 2740 held to be constitutional.

(Decided December, 1893.)

SAYLER, J.

1. Section 2740, Rev. Stat., provides that "every person who shall own or have in his possession, or subject to his control, any personal property within this state, with authority to sell the same, which shall have been purchased either in or out of this state, with a view to being sold at an advanced price or profit, or which shall have been consigned to him, from any place out of this state, for the purpose of being sold at any place within this state, shall be held to be a merchant; and, when he shall be by this chapter required to make out and deliver to the assessor a statement of his other personal property, he shall state the value of such property appertaining to his business as a merchant." The section then provides for the manner of making such return, viz., by the average value of such property, and then continues: "Provided that no consignee shall be required to list for taxation the value of any property, the product of this state, which shall have been consigned to him, for sale, or otherwise, from any place within the state, nor the value of any property consigned to him from any other place for the sole purpose of being stored or forwarded; provided, he shall, in either case, have no interest in such property, or any profit to be derived from its sale."

Now it will be noticed that this section covers three instances in which the person is held to be a merchant.

A person who owns * * * any personal property.

A person who has in his possession * * * any personal property.

A person who has, subject to his control, any personal property.

The words "in his possession" and the words "subject to his control" can not be construed to mean the same thing, else they would not be joined together by the word "or." To have in his possession and subject to his control, might be construed into meaning the same thing, but to have in his possession or subject to his control, must mean different states or conditions.

The purpose of this statute is to require merchants to make return for taxation of the average value of goods owned by them, and of goods consigned to them from any place without this state, for sale in this state.

Where the merchant owns the goods within the state, there can be no question raised as to construction.

When the goods are consigned with authority to sell, the purpose of the statute seems to be to make the provisions broad; the goods may be in the possession, or they may be subject to the control of the merchant. It would seem that the statute contemplated instances in which the goods would not be in possession, but would be subject to the control, and, that the statute might be clear, both were included.

The Century Dictionary defines "possession" as "in law, the physical control which belongs of right to unqualified ownership; the having a thing in such a manner as to exclude the control of other persons; that detention of or dominion over a thing by one person which precludes others from the adverse physical occupancy of or dominion over it."

The same authority defines "control" as "the act or power of keeping under check or in order; power of direction or guidance; authority; regulation; government; command."

A car load of stock is delivered at the stock yards; the employes of the stock yards unload the same and put them in the pen of the Stock Yards Company; by letter or telegram the plaintiffs are authorized to sell the stock; the stock are fed by direction of the plaintiffs; the plaintiffs have access to the stock at all times except at night; the plaintiffs make a sale, and at their direction the employes of the Stock Yards Company weigh the stock and deliver them to the purchaser; the plaintiffs pay to the Stock Yards Company the freight, feed and yardage charges, and remit the balance, less their compensation, to the owner of the stock.

The stock yards have possession of the stock; it is responsible for the stock received in its pens; it must turn out as many cattle as it turned in; if no direction is given to feed, it feeds, nevertheless, under the requirements of law; it simply holds the stock, and with authority to do nothing except to hold it.

The commission merchant has authority to sell; he directs the feeding; he orders the weighing; he directs the stock that should be delivered to a purchaser, or that it be shipped off to some other place to a purchaser; his directions in all matters relating to the stock are complied with; and after the stock is sold and delivered, he pays the Stock Yard Company its charges, including the railroad charges, the company holding a bond executed by the commission merchant to secure it in the payment of such charges.

It seems to me the commission merchant has the control of such stock within the meaning of the statute.

From the nature of the business, the commission merchant could not well take the stock in his possession, but they may be in the possession of another, subject to his control.

2. The action of the board.

Whether, when the record of the proceedings of the board of equalization are regular, and show that the act of the board has been had according to law, in the absence of fraud or mistake, such record is conclusive (see 37 Ohio St. 571; 35 Ohio St. 404), is not necessary to be determined in this case; such a record, at all events, makes a prima facie case, and it being claimed that the board acted without the evidence required by the statute, the plaintiffs were allowed, over the objection of the defendants, to offer evidence on that point. It seems to me that the evidence adduced tends to support the record, viz., that the board heard evidence other than the statements of the parties cited to appear, and that the board acted on such statements and such other evidence.

I think the record of the proceedings is sustained, and it is admitted in argument that such record, on its face, is sufficient.

3. Constitutionality of the act of the board.

It is claimed that the act of the board, in adding the tax on the live stock shipped from other states, is void; that if such act is within the perview of section 2740, then section 2740 is unconstitutional.

I think the act of the board is within the perview of section 2740.

It is true that the addition to the return of the plaintiffs is made on stock which has been shipped to this state for sale, as distinguished from stock shipped from other parts of this state; but it is added because such stock is within this state, that is, it is property within this state which has been shipped from another state; not property within this state which is a product of this state.

It seems to me the case of Brown v. Houston, 114 United State, 622, settles this point.

The statute of Louisiana provided that the taxes should be assessed on "all property situated within the state," (our statute, section 2740, provides for the return of the average value of "any personal property within this state.") The court say that the tax was not imposed upon the coal as a foreign product, etc. "It was imposed after the coal had arrived at its destination and was put up for sale. The coal had come to its place of rest for final disposal or use, and was a commodity in the market of New Orleans."

But can the state of Ohio make the discrimination attempted in section 2740, between the property within this state, that had been shipped from another state, and the property consigned, which is the product of this state?

The court, in Brown v. Houston, supra, say, on page 633: "It (the coal) had become a part of the general mass of property in the state and as such it was taxed for the current year as all other property in the city of New Orleans was taxed. * * * It was subject to no discrimination in favor of goods which were the product of Louisiana, or goods which were the property of citizens of Louisiana. It was treated in exactly the same manner as such goods were treated."

I do not think it was the intent of section 2740 to discriminate between the foreign and home product. It is certainly contemplated that the home product should bear its proportion of the taxes.

The constitution, section 2, act 12, provides that "laws shall be passed taxing by a uniform rule * * * all real and personal property," etc. It is to be presumed, therefore, that all personal property in this state is taxed according to such uniform rule. It is true there may be exemptions under the exceptions contained in said section of the constitution, but the exception is not to be presumed.

The statutes of the state provide for the taxation of all personal property, which would include the home product referred to in section 2740, providing such personal property is in existence on the day returns are made for taxation; but if they are not, that is if they have been sold prior to such day by the commission merchant, the proceeds of sale will be in existence and will be returned for taxation at the next return day. The theory of the constitution and laws of Ohio is that all property bears its share of the burden of taxation. Much taxation is avoided; but the presumtion is that the terms of the constitution and laws are fulfilled, not evaded.

The court say, in 45 Ohio St. 64: "If the law, as to the provisions involved in this inquiry, is shown to be clearly, palpably, in conflict with the constitution, so that there is no doubt or hesitancy in the mind of the court, it should be so held. But if there be any doubt upon the subject, that should be solved in favor of the law, and the court should decline to interfere; for if a law has been enacted which is simply unwise and does not infringe upon any constitutional limitation, the only remedy is by resort to the law making power to procure its repeal."

I have examined the various authorities cited in argument, and have considered them in connection with the facts in this case, and I can not say that the provisions of section 2740 are clearly or palpably in conflict with the constitution.

The petition will be dismissed.

Wilson & Herrlinger, for plaintiffs.

Bromwell & Hinkle, for defendants.